UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------X
JANICE MINTO, DEBRA BACCHUS, and
DYTRA SEWELL

        Plaintiffs,

       - against -

MOLLOY COLLEGE, et.al,

       Defendants.
-----------------------------X

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

16-cv-276, 16-cv-278,
16-cv-279

**MATSUMOTO, United States District Judge:**

On January 19, 2016, Plaintiffs, Janice Minto, Debra Bacchus, and Dytra Sewell (collectively "plaintiffs"), commenced this action against Molloy College, a professor, and various administrative employees of defendant Molloy College (collectively "defendants") alleging gender, race, and age discrimination.  (*See* ECF No. 1, Compl.)  Plaintiffs are African American women who were enrolled in Molloy College's Respiratory Care Program ("RCP") and were later expelled from the program. (*Id.*)  By Order dated September 26, 2019, this court dismissed plaintiffs' claims for failure to state a claim and granted the plaintiffs leave to replead.  (ECF No. 48, Order Granting Motion to Dismiss.)  On November 1, 2019, plaintiffs filed their amended complaints, pleading more facts than in their original complaints.  (ECF Nos. 52-4, 52-5, and 52-6.)  Plaintiffs, though, allege the same causes of action as alleged in their

1

original complaints.  (*Id.*)  Defendants again moved to dismiss

the three actions for failure to state a claim.  (ECF No. 61,

Motion to Dismiss.)  On October 19, 2020, the defendants'

renewed motion to dismiss was referred to Magistrate Judge Anne

Y. Shields.  (Dkt. Order, 10/19/20.)  On January 21, 2021,

Magistrate Judge Shields issued her Report and Recommendation

recommending that defendants' motion to dismiss be granted in

part and denied in part (the "R&R").  (*See* ECF No. 87, R&R.)

Judge Shields recommended that the following claims be

dismissed: "(1) all claims against the Individual Defendants;

(2) Plaintiffs' claims to the extent they are based on

Tralongo's 2012 conduct and/or his decision to award Plaintiffs'

failing grades; (3) all Federal claims of sex and age

discrimination, to the extent any are alleged; (4) Plaintiffs'

claims pursuant to Sections 1985, 1986 and for civil conspiracy

under State law; and (5) Plaintiffs' breach of contract claims."

(R&R at 26-27.)  Judge Shields recommended not dismissing

Plaintiffs' Title VI and Section 1981 claims for race

discrimination and Plaintiffs' New York State Human Rights Law

("NYSHRL") claims for race, age, and sex discrimination against

Molloy College without further discovery.  (*Id.*)

On January 22, 2021 a copy of the R&R was sent to the

*pro se* plaintiffs.  (*See* ECF No. 88, Affidavit/Affirmation of

Service of Report and Recommendations.)  As explicitly noted at the end of the R&R, any written objections to the R&R were to be filed within fourteen days of service of the R&R, or by February 4, 2021.  (R&R at 27; ECF No. 87, Report and Recommendations); *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Plaintiffs filed a letter motion for a thirty (30) day extension to file their objections.  (ECF No. 89, Letter Motion for Extension of Time.)  This court granted plaintiffs a two-week extension. (Dkt. Order 2/5/21.)  The three Plaintiffs filed their objections on February 17, 2021. (ECF No. 91, Objections to R&R.)

## STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  To the extent a party makes specific and timely written objections to a magistrate judge's findings and recommendations, the district court must review *de novo* "those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3).  Where no objection to a Report and Recommendation has been timely made, the district court "need only satisfy itself that that there is no clear error on the face of the record."  *Urena v.*

*New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting

*Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see*

*also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161,

163 (E.D.N.Y. 2011) (same).  Moreover, where "the objecting

party makes only conclusory or general objections, or simply

reiterates the original arguments, the Court will review the

report and recommendation strictly for clear error."  *Zaretsky*

*v. Maxi-Aids, Inc.*, No. 10-CV-3771, 2012 U.S. Dist. LEXIS 84291,

at *4 (E.D.N.Y. June 18, 2012) (internal quotation marks

omitted); *accord Soley v. Wasserman*, 823 F. Supp. 2d 221, 228

(S.D.N.Y. 2011).

The court is mindful "that the submissions of a *pro se*

litigant must be construed liberally and interpreted to raise

the strongest arguments that they suggest."  *Triestman v. Fed.*

*Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

quotation marks omitted).  "Nonetheless, even a *pro se* party's

objections to a Report and Recommendation must be specific and

clearly aimed at particular findings in the magistrate's

proposal, such that no party be allowed a second bite at the

apple by simply relitigating a prior argument."  *Pinkney v.*

*Progressive Home Health Servs.*, No. 06-CV-5023, 2008 U.S. Dist.

LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal

quotation marks omitted); *see Evans v. Ericole*, No. 06-CV-3684,

2008 U.S. Dist. LEXIS 91556, at *5 (S.D.N.Y. Nov. 10, 2008) (reviewing Report and Recommendation for clear error where *pro se* plaintiff made only general objection).

## **DISCUSSION**

Plaintiffs pose a total of seven objections to the R&R.  (ECF No. 91, Pl. Obj.)  Plaintiffs first object to this court's order to grant an extension "of one week when they had requested thirty days" to file their objections.  (Pl. Obj. ¶ 1.)  First, this objection does not pertain to the R&R and is thus not subject to *de novo* review, and second, this court granted plaintiffs a *two*-week extension after already having had granted plaintiffs leave to replead in its September 26, 2019 Order.

Second, plaintiffs state that they object to "the Court's report and recommendation as to their claims of Professor Tralongo's disparate treatment."  (Pl. Obj. ¶ 2.)  The objection is conclusory and does not specifically address any of Magistrate Judge Shields' findings and recommendations. Consequently, plaintiffs' objection fails to constitute an adequate objection to warrant *de novo* review.  *See Mario v. P & C Food Markets, Inc.*, 313 F.3d at 766 (holding that plaintiff's objection to a report and recommendation was "not specific enough" to "constitute an adequate objection").  Nonetheless,

applying both clear error and *de novo* review, the court finds plaintiffs' objection to be without merit and affirms Judge Shields' findings and recommendation.  The claims against Professor Tralongo are dismissed.

Third, plaintiffs object to Judge Shields' recommendation that plaintiffs' allegation of a continuous violation by Professor Tralongo be dismissed, and assert that any issues with this claim can be resolved by amending the complaints.  (Pl. Obj. ¶ 3.)  "Under the continuing-violation doctrine, if a plaintiff has experienced a continuous practice and policy of discrimination, . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it . . ..  Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify, and are not actionable if time barred, even when they are related to acts alleged in timely filed charges."  *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 574 (S.D.N.Y. 2011) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–15 (2002); *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001)).  "As a general matter, the continuing violation doctrine is heavily disfavored in the Second Circuit and courts have been loath to apply it absent a showing of compelling circumstances."  *Kennedy-Bifulco*

*v. Town of Huntington*, No. 08-1612, 2010 WL 6052343, at *7

(E.D.N.Y. Oct. 29, 2010).  Such "compelling circumstances" have

been deemed to include situations "where the unlawful conduct

takes place over a period of time, making it difficult to

pinpoint the exact day the violation occurred; where there is a

'express, openly espoused policy [that is] alleged to be

discriminatory'; or where there is a pattern of covert conduct

such that the plaintiff only belatedly recognizes its

unlawfulness."  *See Remigio v. Kelly*, No. 04-1877, 2005 WL

1950138, at *8 (S.D.N.Y. Aug. 12, 2005) (quoting *Yip v. Bd. of*

*Trustees of State Univ. of N.Y.*, No. 03-00959C, 2004 WL 2202594,

at *4 (W.D.N.Y. Sept. 29, 2004), aff'd, 150 Fed.Appx. 21 (2d

Cir. 2005)).

　　　　Here, plaintiffs alleged that "Professor Tralongo made

derogatory and lewd comments about women, racial and ethnic

minorities, throughout the Fall 2012 semester in the classes the

plaintiff attended as his student."  (ECF Nos. 52-4 at ¶ 112,

52-5 at ¶ 112, and 52-6 at ¶ 112.)  As this court noted in its

September 26, 2019 Order, "plaintiffs' claims based on acts

occurring January 15, 2013, or earlier, are time-barred."

(ECF No. 48, Order Granting Motion to Dismiss at 17.)

　　　　Plaintiffs' allegations do not describe a continuous

or ongoing policy or practice because the alleged discriminatory

act would have been completed when Professor Tralongo submitted

plaintiffs' final grades in December 2012, leading to

plaintiffs' expulsions.  (*Id.* at 18.)  After reviewing this

issue *de novo*, the Court concludes that Magistrate Judge Shields

properly considered the continuing violation doctrine and agrees

with Magistrate Judge Shields' determination that it does not

render Plaintiffs' claims timely and this claim is dismissed.

Plaintiffs' objections are denied and the time-barred claims

regarding Professor Tralongo are dismissed.

Next, plaintiffs also object to Judge Shields'

recommendation that allegations raised under Sections 1985 and

1986 should be dismissed and, in turn, object to her

recommendation that amending the complaint would be futile as to

these claims.  (Pl. Obj. ¶¶ 4-5.)  Section 1985 prohibits people

from "conspiring to deprive individuals of equal protection of

the laws or of equal privileges and immunities under the laws."

*Gibbs-Alfano v. Burton*, 281 F.3d at 16; 42 U.S.C. § 1985.  "In

order to maintain an action under Section 1985, a plaintiff must

provide some factual basis supporting a meeting of the minds,

such that defendants entered into an agreement, express or

tacit, to achieve the unlawful end."  *Webb v. Goord*, 340 F.3d

105, 110 (2d Cir. 2003) (internal citations and quotation marks

omitted); *see also, e.g., Talley v. Brentwood Union Free Sch.*

*Dist.*, 728 F. Supp. 2d 226, 234 (E.D.N.Y. 2010) (noting that members of the same organization or entity cannot legally conspire together for the purposes of Section 1985).  The plaintiffs' claim under Section 1985 fails as a matter of law, because absent an allegation of participation by external parties, the claim is barred by the intra-corporate conspiracy doctrine.  Here, the institutional defendant is Molloy College; the individual defendants are all employees of that entity.  *See Ritzie v. City Univ. of New York*, 703 F. Supp. 271, 277-78 (S.D.N.Y. 1989) (dismissing Section 1985 claim against CUNY and individual defendants who were all employees of CUNY). As such, the intra-corporate conspiracy doctrine applies, plaintiffs' objections are denied, and the plaintiffs' Section 1985 claim must be dismissed.

Because plaintiffs have failed to state a viable § 1985 conspiracy claim, their derivative § 1986 claim necessarily fails and is dismissed.  *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) ("Insofar as [plaintiff] sought to state a claim under 42 U.S.C. § 1986, this claim necessarily failed because []he failed to state a claim under § 1985."); *K.W. ex rel. Brown v. City of New York*, 275 F.R.D. 393, 400 (E.D.N.Y. 2011) ("Since plaintiff's allegation of conspiracy under § 1985 is insufficient, her derivative

9

§ 1986 claim fails.").  After reviewing these issues *de novo*,

the Court concludes that Magistrate Judge Shields properly

considered the alleged Sections 1985 and 1986 violations and

agrees with Magistrate Judge Shields' determination that

Plaintiffs' claims fail, and as such, these claims are

dismissed.

Lastly, Plaintiffs object to Judge Shields' commentary

as to the length of the litigation and plaintiffs' opportunity

to seek legal assistance at the Court's *pro se* legal assistance

clinic.  (*See* Pl. Obj. ¶¶ 6-7.)  These objections bear no

relevance to the substance of the R&R and therefore, do not

render the R&R subject to *de novo* review.  As to the remainder

of the R&R, to which there was no objection, this court

concludes that there is no clear error on the face of the

record.  This court therefore adopts the R&R in its entirety.

## CONCLUSION

The Court has thoroughly reviewed Magistrate Judge

Shields' comprehensive and well-reasoned Report and has

determined that there is no clear error on the face of the

record.  For the reasons set forth above, Magistrate Judge

Shields' Report and Recommendation is incorporated by reference

and adopted in its entirety and plaintiffs' objections are

denied.  The parties shall file a joint letter via ECF informing

the court as to how they wish to proceed with respect to the

remaining claims by March 24, 2021.  Additionally, the Clerk of

the Court is respectfully requested to serve a copy of this

decision on the *pro se* plaintiffs and note service on the

docket. **SO ORDERED.**

Dated:     March 3, 2021
           Brooklyn, New York

                                    _____/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge